## Flowers v. Crumbaugh, et al.

(Decided May 28, 1920.)

### Appeal from Logan Circuit Court.

Covenants — Warranty Deeds — Joint Warrantors — Liability of Grantors Signing for Interest of Named Grantor Not Signing.— Where one of several grantors named in a deed containing a covenant of general warranty failed to sign and acknowledge the deed, the other grantors were not liable to the grantee as joint warrantors of his interest in the land.

BROWDER & BROWDER and W. P. SANDIDGE for appellant.

S. R. CREWDSON for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

On February 2, 1910, George U. Flowers purchased a tract of land in Logan county consisting of about 30 acres, and received therefor a deed, which, omitting the description of the property, is as follows:

"This deed, made the 2nd day of February, 1910, between T. G. Bailey and wife, Nannie C. Bailey, of Adairville, Logan Co., Ky., post office Adairville, Ky., S. R. Crumbaugh and wife, Ida Crumbaugh, of Fort Thomas, Ky., Lillie Riley and husband, C. P. Riley of Olmstead, Logan county, Ky., Mrs. Marian Russell, widow of Todd county, Kentucky. Bailey Russell and wife, Kate of Christian Co., Ky., and B. C. Crumbaugh, unmarried, of Logan county, Kentucky, and Mrs. Victoria Gunn, widow of Logan county, Ky., of the first part, and George U. Flowers of Logan county, Kentucky, post office address being Adairville, Kentucky, party of the second part.

"Witnesseth, that the said parties of the first part, in consideration of fifteen hundred and twenty-four and 38/100 dollars paid in cash, the receipt of which is hereby acknowledged, have bargained and sold and hereby convey unto said second party a certain tract or parcel of land situated in Logan county, Kentucky, on the waters of Red river, bounded as follows:

. . .

"All the other grantors, except T G. Bailey and wife Nannie C. Bailey, join this deed for the purpose of conveying any interest they now have or may hereafter have by reason of the will of J. B. Crumbaugh, which is of record in said office in W. B. I., page 230, and is dated October 21, 1861, and probated May 26, 1862.

"To have and to hold said property unto said second party heirs and assigns forever, with covenant of general warranty, releasing all rights of homestead and dower.

"Witness the hand of the grantor date above."

At the time of the conveyance T. G. Bailey owned in fee an undivided one-half interest in the land. His wife Nannie C. Bailey, under the will of her father, J. B. Crumbaugh, owned a life interest in the other half of the land, with remainder to her bodily heirs, while the other grantors had an interest in the land contingent on Nannie C. Bailey's death without bodily heirs. The deed was executed by all the grantors except B. C. Crum-

baugh, who declined to sign it. Knowing that B. C. Crumbaugh had not executed the deed, Flowers accepted the deed and paid the consideration. Thereafter Nannie Bailey died without bodily heirs. Thereupon B. C. Crumbaugh brought suit to recover an undivided one-eighth interest in the land and judgment was rendered in his favor. Later on he brought this action for a sale of the land on the ground that he and Flowers were joint owners thereof in possession, and the land could not be divided without materially impairing its value. During the progress of the action B. C. Crumbaugh died, unmarried and without issue, leaving as his only heirs, S. R. Crumbaugh, Victoria Pike, Lillie Riley, Bailey Russell, and Carl Russell and George C. Russell, the only children of Marian Russell, deceased, all of whom were grantors in the deed of February 2, 1910, with the exception of Carl Russell and George C. Russell, whose mother signed the deed. Flowers defended on the ground that the title, which vested in the heirs of B. C. Crumbaugh, inured to his benefit because of the covenant of general warranty contained in the deed referred to. The chancellor rejected this contention and rendered judgment ordering a sale of the property. Flowers appeals.

It is insisted that the judgment is erroneous for the following reasons: All the heirs of B. C. Crumbaugh were parties to the deed except Carl Russell and George C. Russell, who acquired title through their mother, Marian Russell, who was a party to the deed. The deed contained a general clause of warranty without any limitation or exception. That being true, all the signers became liable to Flowers as joint warrantors. Hence, when the signers, and the heirs of those signers who were dead, acquired the title of B. C. Crumbaugh, it inured to Flowers' benefit because of the general covenant of warranty. Without admitting the soundness of this position in other respects, we think it sufficient to say that the rule relied on is not applicable to the facts of this case. When the deed was executed B. C. Crumbaugh had the same character of interest in the property as the other grantors, whom it is sought to hold liable on the covenant of warranty. Had he signed the deed, Flowers would have acquired the entire title. Though he acquired a defective title, the defect was not due to an outstanding paramount title, or to the failure of B. C. Crumbaugh's title, but was due solely to the fact that B. C. Crumbaugh,

though named as one of the grantors, refused to sign and acknowledge the deed. While the covenant of warranty may have been joint if all those named as grantors had executed the deed, it was not joint as to a named grantor who refused to become a party to the deed. It was a necessary condition of the covenant of warranty, so far as it affected the interest of any grantor named in the deed, that such grantor should sign the deed. The other grantors did not undertake to warrant the title of a named grantor who had an interest in the property but failed to sign the deed. It follows that the chancellor properly ruled that appellees were not liable on the warranty.

Judgment affirmed.